IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

WILFREDO LOPEZ                            *
1365 Monroe Street NW                     *
Washington, DC 20010                      *
                                          *
    PLAINTIFF,                            *
                                          *
v.                                        *   Case No.: 1:19-cv-2124
                                          *
A&A RESTAURANT GROUP, INC.                *
1800 Connecticut Avenue NW                *
Washington, DC 20009                      *
                                          *
    Serve: Aaron McGovern                 *
           5011 14th Street NW            *
           Washington, DC 20011           *
                                          *
AARON MCGOVERN                            *
5011 14th Street NW                       *
Washington, DC 20011                      *
                                          *
and                                       *
                                          *
ARTURAS VOROBJOVAS                        *
5258 Knight Arch Court                    *
Fairfax, VA 22030                         *
                                          *
    DEFENDANTS.                           *
*****************************************************************************

**COMPLAINT**

**I.     INTRODUCTION**

1.     The plaintiff, Wilfredo Lopez ("Plaintiff"), by and through undersigned counsel, hereby submits this Complaint against A&A Restaurant Group, Inc. ("A&A"), Aaron McGovern ("McGovern"), and Arturas Vorobjovas ("Vorobjovas") (collectively, "Defendants") to recover damages under the Federal Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq*. ("FLSA"), the D.C. Minimum Wage Act, D.C. Code § 32-1001 *et seq*. ("MWA"), and the D.C. Wage Payment Act, D.C. Code § 32-1301 *et seq*. ("WPA"), as set forth below.

## II.     JURISDICTION AND VENUE

2. This Court has jurisdiction pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b). With respect to the District of Columbia law claims, this Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367 in that the District of Columbia law claims are so related to the federal claims that they form part of the same case or controversy under Article III of the United States Constitution.

3. Venue is appropriate in the District of Columbia pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events giving rise to this claim occurred within this judicial district.

## III.    THE PARTIES

4. Plaintiff is an adult resident of the District of Columbia.

5. At all times relevant to this Complaint, Plaintiff was an employee of Defendants within the meaning of 29 U.S.C. §203(e)(1) and D.C. Code §§ 32-1002(2) and 32-1301(2).

6. At all times relevant to this Complaint, Plaintiff was an employee engaged in commerce and/or was an employee in an enterprise engaged in commerce within the meaning of 29 U.S.C. §§206(a) and 207(a)(1).

7. Defendant A&A is a corporation formed under the laws of the District of Columbia, which operates the Russia House Restaurant & Lounge located at 1800 Connecticut Avenue NW, Washington, DC ("Russia House").

8. Defendant McGovern is an adult resident of the District of Columbia and an owner of defendant A&A.

9. Defendant Vorobjovas is an adult resident of Virginia and an owner of defendant A&A.

10. At all times relevant to the Complaint, defendants McGovern and Vorobjovas made all relevant decisions regarding Plaintiff's wages and working conditions.

11. At all times relevant to the Complaint, Defendants were each and all employers as that term is defined by 29 U.S.C. §203(d) and by D.C. Code §§ 32-1002(3) and 32-1301(1B).

**IV.   STATEMENT OF FACTS**

12. Plaintiff worked for Defendants as a dishwasher and barback at Russia House from around 2013 until around March 18, 2019.

13. Plaintiff typically began working around 3:00pm or 3:30pm and ended his shift around 12:30am or 1:00am Sunday through Thursday nights and around 3:30 or 4:00am on Friday nights.

14. In addition, Plaintiff was often given additional shifts on Saturdays and occasionally had to come in several hours early for special cleaning jobs and other reasons.

15. All in all, Plaintiff worked an average of approximately 65 hours per week.

16. At all relevant times, Defendants paid Plaintiff at the rate of $11.00 per hour for his work.

17. Defendants never paid Plaintiff at the rate of one-and-one-half times his regular hourly rate for hours over forty worked in each one-week period.

18. From July 1, 2016 through June 30, 2017, the District of Columbia minimum wage was $11.50 per hour.

19. From July 1, 2017 through June 30, 2018, the District of Columbia minimum wage was $12.50 per hour.

20. From July 1, 2018 through June 30, 2019, the District of Columbia minimum wage was $13.25 per hour.

21. On April 1, 2019, Plaintiff, through undersigned counsel, sent a letter to Defendants outlining their violations of minimum wage and overtime requirements and demanding payment of wages owed.

22. Defendants have not paid any of the wages claimed to be owed to Plaintiff.

23. Defendants never provided the complainant with actual or constructive notice of his rights under the FLSA, MWA, or WPA.

## V. COUNT ONE: MWA MINIMUM WAGE VIOLATIONS

24. Plaintiff restates, re-alleges and incorporates by reference paragraphs 1 through 22, above.

25. Defendants' failure to pay Plaintiff at least the applicable District of Columbia minimum wage for each hour worked as required by the MWA was not in good faith inasmuch as Defendants were aware or reasonably should have been aware of their obligation to pay Plaintiff consistent with the minimum wage and failed to do so.

26. As a result of Defendants' unlawful conduct, Plaintiff suffered a loss of wages.

## VI. COUNT TWO: FLSA AND MWA OVERTIME VIOLATIONS

27. Plaintiff restates, re-alleges and incorporates by reference paragraphs 1 through 22, above.

28. Defendants' conduct in failing to pay Plaintiff overtime wages at the rate of one and one-half times his regular hourly rate for hours worked in excess of forty in each one-week period violates both, 29 U.S.C. §207 and D.C. Code § 32-1003(c).

29. Defendants' failure to pay overtime wages was willful and not in good faith inasmuch as Defendants were aware or reasonably should have been aware of their obligation to pay Plaintiff consistent with the FLSA and MWA but did not do so.

30. As a result of Defendants' unlawful conduct, Plaintiff suffered a loss of wages.

**VII.  COUNT THREE: WAGE PAYMENT ACT VIOLATIONS**

31. Plaintiff restates, re-alleges and incorporates by reference paragraphs 1 through 22, above.

32. Defendants' failure to pay Plaintiff all wages earned wages, including minimum and overtime wages, violates D.C. Code § 32-1302.

33. As a result of Defendants' unlawful conduct, Plaintiff suffered a loss of wages.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff respectfully requests that this Court:

1. Toll the applicable statutes of limitations;

2. Order Defendants to pay to Plaintiff all wages owed, consistent with the Fair Labor Standards Act, D.C. Minimum Wage Act, and D.C. Wage Payment Act;

3. Award Plaintiff liquidated damages for all wages owed pursuant to 29 U.S.C. § 216(b) and D.C. Code §§ 32-1012(b) and 32-1308(a)(1)(A);

4. Award Plaintiff attorney's fees and costs pursuant to 29 U.S.C. § 216(b) and D.C. Code § 32-1308(b);

6. Award Plaintiff pre-judgment and post-judgment interest; and

7. Award Plaintiff such other legal and equitable relief as the Court deems appropriate.

Respectfully submitted,

*/ s / Mariusz Kurzyna*

Mariusz Kurzyna (Bar No. 229656)
Zipin, Amster & Greenberg, LLC
8757 Georgia Ave., Suite 400
Silver Spring, MD 20910
Tel: 301-587-9373
Fax: 240-839-9142
mkurzyna@zagfirm.com

*Counsel for Plaintiff*